WILLIAMS, P.J.,
The matter before the court is a motion to strike a surcharge assessed against the movants John Senick, John Senick Inc., J-Jems Corporation, and Edwards Equipment Service by the special auditor for Bethlehem Township. The issue is whether the movants are amenable to the assessment of a surcharge against them inasmuch as they are not officials, officers or employees of township, or persons who have control over township moneys. The issue appears to be one of first impression.
BACKGROUND
In June 1988, the Fifth Statewide Investigating Grand Jury issued a report concluding, inter alia, that unlawful activities had occurred in Bethlehem Township, and that the investigation of the township’s municipal finances by a special auditor was warranted. This court permitted township taxpayers *602 to appeal nunc pro tunc the Bethlehem Township Annual Audit and Financial Reports for 1982, 1983 and 1984. The court appointed a special auditor to conduct a supplemental audit of the Recreation Park Fund[1] and the Municipal Building Renovation Fund. The court also directed the auditor to assess surcharges where appropriate and to file amended audits and financial reports for these specific funds.
The special auditor filed a supplemental report in August 1989 and assessed surcharges against the movants as well as certain township officials.
DISCUSSION
The issue before us requires the interpretation of certain provisions of the First Class Township Code, 53 P.S. §55101 et seq. The pertinent provisions of the code are:
“§56001. Meetings; general duties; compensation
“The auditors of townships . . . shall audit, settle, and adjust the accounts of the township commissioners, township treasurer, tax collector, secretary, and other officers and persons receiving and disbursing or authorizing the disbursement of the moneys of the township. . . .
“§56003. Surcharges; auditors’ report; publication of financial statements
“. . . Any officer or person whose act or neglect has contributed to the financial loss of the township shall be surcharged by the auditors with the amount of such loss. . . .”
*603 The movants argue that interpretation of the code cannot support a conclusion that auditors have the authority to impose a surcharge upon persons who are not officers or officials of the township or in some manner have dominion over the funds of the township. The special auditor contends that the only accurate interpretation of the code provisions supports a conclusion that an auditor may impose a surcharge upon “any person” whose acts or negligence contribute to the township’s financial loss.
Statutory words and phrases must be construed according to their plain meaning and common usage, especially where the language is free from all ambiguity. 1 Pa.C.S. §1903(a); Commonwealth v. Stanley, 498 Pa. 328, 446 A.2d 583 (1982). We assume that the legislature did not intend a result that was absurd or unreasonable, 1 Pa.C.S. §1922(1), or unconstitutional, 1 Pa.C.S. §1922(c). Statutes in pari materia must be construed together where possible. 1 Pa.C.S. §1932(b); Girard School District v. Pittenger, 481 Pa. 91, 392 A.2d 261 (1978).
In interpreting section 56001, the auditor contends that it is authorized to audit, settle and adjust the accounts of any person who receives township funds. We disagree. The statute provides for the audit of accounts of “officers and persons receiving and disbursing or authorizing the disbursement of the moneys of the township ...” (emphasis supplied) Thus, it is only where a person has power or control over township funds that his or her (or its) accounts are subject to review by the auditor.
The auditor also argues that the word “person” must be given its legal meaning under the Township Code, to include corporations, associations, and partnerships as well as all natural persons, and we agree. For example, a banking institution would be a “person” having some control over township funds, *604 and its records relating to the township would be subject to examination by township auditors. However, the word “person” should not be read so expansively as to include any and all possible persons who do business with the township. Rather, “persons” whose accounts may be audited by the township are those officials, officers, employees and persons who have some control over township funds.
The term “surcharge” generally refers to the imposition of personal liability on a fiduciary for willful or negligent misconduct in the administration of his or her fiduciary duties. As used in the Municipalities Code, the word “surcharge” usually refers to charges assessed against municipal officers, officials, employees or other persons who have access to or control over funds in a municipality’s treasury.[2]
Section 56003 states that “[a]ny officer or person whose act or neglect” contributes to a financial loss suffered by the township is amenable to a surcharge. Unless the word “person” is read restrictively in accordance with the previous discussion, this provision would lead to absurd or unreasonable interpretations, contrary to the results presumed to be contemplated by the legislature. 1 Pa.C.S. §1922(1); Zimmerman v. O’Bannon, 497 Pa. 551, 442 A.2d 674 *605 (1982); Commonwealth v. Westcott, 362 Pa. Super. 176, 523 A.2d 1140 (1987).
We are loathe to believe that the legislature intended to give the auditor in first class townships the power to impose a surcharge as a substitute for initiating a civil lawsuit against parties who are not officers or agents of the municipality and in control of its funds. The interpretation urged by the auditor, that the power to impose a surcharge in section 56003 applies to any person who contributes to the township’s financial loss, if adopted, would create a plethora of constitutional challenges to this statute. Such an interpretation is prohibited. 1 Pa.C.S. §1922(c); Parker v. Children’s Hospital of Philadelphia, 483 Pa. 106, 394 A.2d 932 (1978).
Wherefore we enter the following
ORDER OF COURT
And now, April 3, 1990, in accordance with the foregoing opinion, the motion of John Senick, John Senick Inc., J-Jems Corporation and Edwards Equipment Service to strike the surcharge against them is hereby granted.

. During the time covered by the audits (1982 through 1984), movants had performed construction at the township’s recreational park. Most of the construction was performed pursuant to a contractual arrangement with the township, although certain construction activities were performed before the commencement of the contract.

. See, e.g., 53 P.S. §46041(c), which states in part that “[t]he amount of . . . any expenditure . . . prohibited or not authorized by statute, which causes a financial loss to the borough, shall be a surcharge against any officer against whom such balance or shortage shall appear, or who by vote, act, or neglect, has permitted or approved such expenditure. . . .” Thus, in the borough provisions, as well as in similar provisions for other municipal corporations, surcharges are assessed only against officers or officials or agents of the borough itself.